```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DAVID MORRISON, 08-B-1837,

        Petitioner,

    -v-                                          09-CV-126(MAT)
                                                          **ORDER**

FRANK McCRAY, Superintendent,
Gowanda Correctional Facility,

        Respondent.
_____

**I.    Introduction**

    Petitioner David Morrison ("petitioner"), who is represented by counsel, has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of felony driving while intoxicated (N.Y. Veh. & Traf. L. §§ 1192(3), 1193(1)(c)(i)) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511(3)(a)(I)) in Erie County Court following a jury trial before Judge Timothy J. Drury. Petitioner was subsequently sentenced to one and one-third to four years imprisonment.

**II.   Factual Background and Procedural History**

    On August 16, 2005, at approximately 9:00p.m., two motorists observed a white pickup truck swerving on the road and called 911, advising the dispatcher that they were following the truck and that it appeared that its driver was intoxicated. Petitioner, who parked and exited the white truck outside of his residence in East Amherst, New York, was approached by a police officer from the Town

of Amherst Police Department. After failing a series of field sobriety tests, he was subsequently arrested. Record on Appeal ("R.") 446-464, 468-470, 581-599.

At trial, petitioner's position was that he was not operating the truck that evening. Rather, petitioner was dropped off at his house by his son-in-law, who had gotten out of the truck and was picked up by his wife at petitioner's residence, unbeknownst to any of the eywitnesses. Petitioner claimed that, although he was seen exiting through the driver's door of the truck, it was because his son-in-law parked in a manner that made it impossible to exit through the passenger side. R. 797-798, 862.

The jury returned a verdict of guilty, see R. 826, and petitioner was subsequently sentenced to one and one-third to four years incarceration. R. 1503-1504.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, which unanimously affirmed the judgment of conviction. People v. Morrison, 48 A.D.3d 1044 (4th Dept. 2008), lv. denied, 10 N.Y.3d 867 (2008). Petitioner then moved to vacate the judgment of conviction and set aside the sentence pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 440.10/20 on the grounds that his trial attorney was ineffective, the verdict was against the weight of the evidence, and that the sentencing court had imposed an illegal bail condition. Those motions were denied by the state court. See Decision & Order, Erie County Court (Franczyk, J.), No. 05-1919,

dated 5/9/2008. Leave to appeal that decision was denied by the Appellate Division, Fourth Department. See Order of the Appellate Division, Fourth Department (Lunn, A.J.), KA 08-01327, dated 9/23/2008.

The instant habeas petition followed, in which petitioner raises the following grounds for relief: (1) ineffective assistance of counsel; (2) denial of due process at the sentencing proceeding; and (3) illegal and unauthorized sentence. Petition ("Pet.") ¶ 12. For the reasons that follow, the Court finds that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.    Standard of Review for Federal Habeas Corpus Petitions**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court

decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not dicta) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091(2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.   Merits of the Petition**

**1.   Ineffective Assistance of Trial Counsel**

Petitioner claims that his attorney rendered ineffective assistance for the following reasons: (1) counsel should not have requested a Huntley hearing to determine the admissibility of petitioner's statement, "I know that I drank too much to drive."; (2) counsel failed to impeach the credibility of police officers who testified concerning additional statements made by petitioner that were not contained in the prosecution's C.P.L. § 710.30 notice; (3) counsel divulged petitioner's previous alcohol-related convictions to the prospective jurors; (4) counsel violated the trial court's Sandoval ruling and did not to object when the

prosecutor violated the specific ruling; and (5) counsel should not have called petitioner's wife as a defense witness. Pet., Addendum at 3-17. The Appellate Division evaluated petitioner's claims of ineffective assistance of counsel and concluded that "based on the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, defendant received meaningful representation." People v. Morrison, 48 A.D.3d 1044, 1044-45 (4th Dept. 2008) (internal quotation omitted).

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct," id., and may not second-guess defense counsel's strategy. Id. at 690.

### a. C.P.L. § 710.30 Notice; Huntley Hearing

In support of his claim of ineffective assistance of trial counsel, petitioner first contends that counsel erred in moving to suppress petitioner's statement, "I know that I drank too much to drive," which was the only statement contained in the prosecution's notice pursuant to C.P.L. § 710.30.[1] Specifically, petitioner argues that the statement was equivocal and did not warrant suppression, and that the hearing consequently "opened the door" to the admission of unnoticed statements. On this point, the Appellate Division held,

> We cannot agree with defendant that his statement was equivocal. Indeed, we conclude that it was a damaging admission, particularly in view of additional evidence that defendant operated the vehicle while intoxicated. We thus conclude that defense counsel had a strategic explanation for requesting a Huntley hearing to determine the admissibility of that statement.

The Court agrees with the appellate court's conclusion that the statement was not equivocal, and, because the statement was unfavorable to petitioner's position, counsel clearly had a

---

[1] C.P.L. § 710.30 provides: "Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered."

legitimate and strategic explanation for challenging its admissibility. See, e.g., Bonneau v. Scully, 86 Civ. 270(CSH), 1991 WL 90739, at *1 (S.D.N.Y. May 23, 1991), aff'd, 956 F.2d 1160 (2d Cir. 1992) ("Strategic choices of trial counsel 'are virtually unchallengeable' in habeas corpus proceedings."); accord McKee v. United States, 167 F.3d 103, 106 (2d Cir.1999) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance.").

Petitioner's related contention that counsel was ineffective for failing to impeach police officers who testified concerning additional, unnoticed statements attributed to petitioner also fails. During the Huntley hearing, Amherst police officers testified that petitioner had admitted that the truck was his, that he had been driving and had to much to drink, and that his license was suspended for alcohol-related driving violations. See R. 45-50, 77, 598, 606, 706, 731.  The Appellate Division determined that "those officers did not prepare the CPL 710.30  notice, and thus any attempts by defense counsel to impeach their credibility with respect to the failure to include the statements in the CPL 710.30 notice would have been futile." Morrison, 38 A.D.3d at 1045. Because the failure to make a futile argument cannot constitute ineffective assistance of counsel, petitioner's argument does not succeed on the merits. See United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) (defense counsel is not required to make

unavailing or frivolous arguments); Cabrera-Delgado v. United States, 111 F.Supp.2d 415, 417 (S.D.N.Y. 2000) (failure to make futile arguments cannot be considered ineffective assistance).

### c. Jury *Voir Dire*

Petitioner also faults counsel for advising the prospective jurors of petitioner's prior convictions. However, petitioner's argument merely second-guesses his attorney's strategic choice to empanel jurors that would not prejudge petitioner's case on the basis of his prior convictions.  In the context of an error in *voir dire*, "courts are loathe to second-guess the decisions of counsel during jury selection." Ptak v. Superintendant, No. 9:08-CV-0409 (TJM), 2009 WL 2496607, at *8 (W.D.N.Y. Aug.13, 2009) (citing Doleo v. Reynolds, No. 00-CV-7927, 2002 WL 922260, at *5 (S.D.N.Y. May 7, 2002).  The primary issue at petitioner's trial was whether or not he operated the vehicle, and petitioner's testimony was therefore an integral part of his defense. Because the prosecution would cross-examine him concerning his prior convictions, defense counsel's decision to place petitioner's prior convictions before the jury was within the realm of trial strategy, and petitioner cannot overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 688.

### d.     **Sandoval Ruling**

Next, petitioner contends that his attorney violated the Sandoval ruling and failed to object when the prosecutor violated the same ruling.

In New York, a criminal defendant may request a preliminary hearing to determine whether, if he elects to testify, his prior criminal record may be used to impeach his credibility. People v. Sandoval, 34 N.Y.2d 371 (1974). Here, the trial court ruled that the prosecution could inquire as to the facts and circumstances of petitioner's 1996 and 2000 convictions, but prohibited questioning regarding petitioner's admission that he "shouldn't have been driving," attributed to the 2000 conviction.[2] R. 1024. Further, the trial court determined that the prosecution could question as to the fact of a conviction in 1988, but not the underlying charges and facts giving rise to that conviction. Petitioner's remaining convictions were precluded. R. 1024.[3]

However, on direct examination, defense counsel posed questions to petitioner regarding a 1988 conviction for aggravated unlicensed operation and driving while ability impaired, which was outside of the scope of the Sandoval compromise. R. 1024-25, 1029. The prosecutor then questioned petitioner regarding his 2000

---

[2] That statement was the same, in sum and substance, as petitioner's statement under the present case that he knew he drank too much to drive.

[3] At the time of his trial, petitioner had eight driving while intoxicated and unauthorized operation arrests since 1984. R. 1484.

conviction in contravention of the court's specific order that the prosecution could question only on the facts and circumstances of the convictions and not on statements petitioner made in connection with those convictions. Defense counsel did not object to this line of questioning. R. 1024.

On direct appeal, the Fourth Department agreed that counsel should not have questioned petitioner concerning the underlying charges of his 1988 conviction after the county court precluded the prosecution from doing so, and that counsel should have objected to the prosecutor's violation of the Sandoval ruling. However, the appellate court found that petitioner's answer to the prosecutor's question was "nonresponsive and that the prosecutor immediately moved on to a different line of questioning[,]" and concluded that petitioner's errors were not so egregious and prejudicial that they deprived petitioner of a fair trial. Morrison, 48 A.D.3d at 1045.

To the extent that counsel erred in questioning petitioner regarding his 1988 conviction, an attorney's election to cause the introduction of evidence is nonetheless "the kind of tactical decision that courts in the Second Circuit are reluctant to second-guess." Jeremiah v. Artuz, 181 F.Supp.2d 194, 205 (E.D.N.Y. 2002) (finding no basis for an ineffective assistance of counsel claim where defense counsel had decided to elicit the otherwise inadmissible information that petitioner had been adjudicated a youthful offender) (citing United States v. Luciano, 158 F.3d 655,

660 (2d Cir. 1998), cert. denied, 526 U.S. 1164 (1999); Philippe v. Lacy, No. 95 CV 4545(NG), 1998 WL 440301, at *6-7 (E.D.N.Y. July 30, 1998)). Given the ample evidence against petitioner, counsel's strategy to "lessen the sting" of cross-examination was not unreasonable under the circumstances.

With regard to counsel's failure to object to the prosecutor's violation of the Sandoval ruling, petitioner's claim of ineffective assistance of counsel on this basis is unavailing. The relevant portion of the prosecutor's cross-examination of petitioner regarding his 2000 conviction reads as follows:

> Prosecutor: You told police that you had several beers, did you not?
>
> Defendant: What's several?
>
> Prosecutor: That's what you told the police. Did you tell the police that you shouldn't have been driving?
>
> Defendant: It was snowing out. It was a snowstorm.
>
> Prosecutor: And you had been drinking that night?
>
> Defendant: Yes, I was.

R. 1074.

Although counsel did not object to the question relating to petitioner's alleged admission that he should not have been driving, petitioner's answer was non-responsive, and the prosecutor proceeded to another line of questioning. It is possible that counsel made a reasonable strategic decision not to object to the statement to avoid highlighting it to the jury. See e.g., Quinones

v. Miller, 2003 WL 21276429, at *50 n.78 (S.D.N.Y. June 3, 2003) (collecting cases). Moreover, in the context of the entire trial, it cannot be said that the improper question was not so prejudicial that, but for counsel's failure to object, the outcome of petitioner's trial would have been different. See, e.g., Jackson v. Conway, 448 F.Supp.2d 484, 492 (W.D.N.Y. 2006).

### e. Defense Witness Camille Morrison

Finally, petitioner alleges that the testimony of petitioner's wife, Camille Morisson, was harmful and that counsel undermined the defense by putting her on the stand.

At petitioner's trial, Camille Morrison testified that she drove her husband to work in the white pickup truck at 7:00a.m. on the day of the incident; drove back to petitioner's place of business later in the day, leaving the truck there; drove the truck to her residence, and left it there; was driven to her boathouse by a friend who lived nearby; and ultimately arrived at their townhouse to pick up her husband around 9:00.pm., parked her car, and observed her husband standing near the white truck, speaking with a police officer. She testified that her husband was going to a golf outing with co-workers that day, but did not know who would be driving him or how he would get to the townhouse later in the evening. R. 990, 992, 999, 1003, 1005, 1013-14.

Although Camille's testimony concerning her driving the white truck and where she had left it was confusing and arguably

inconsistent, the Court cannot conclude that counsel was ineffective for calling her as a witness. As a matter of federal law, the decision whether to call witnesses constitutes a strategy matter that is generally beyond question. United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir.) ("The decision whether to call any witnesses on behalf of the defendant and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial."), cert. denied, 484 U.S. 958 (1987). As with petitioner's previous contentions, the present claim amounts to a hindsight disagreement with counsel's trial strategies, and cannot form a basis for habeas relief.

In sum, petitioner has failed to demonstrate that his counsel's conduct was deficient within the meaning of Strickland, and that, but for the deficiency, the result of his trial would likely have been different. Accordingly, the Appellate Division's rejection of his claims is not contrary to, or an unreasonable application of Supreme Court precedent.

### 2. Due Process at Sentencing Proceeding

Petitioner next avers that he was denied due process at sentencing when the county court acknowledged that it had considered approximately half of the 130 support letters written on petitioner's behalf. Pet., Addendum 19-21. The Appellate Division rejected petitioner's contention that he was denied due process at sentencing without opinion. Morrison, 48 A.D.3d at 1045.

According to petitioner's papers, "[d]ue process considerations . . . required the court to carefully consider these letters, particularly where a sentence of state incarceration was ultimately imposed." Pet., Addendum at 20. He cites to no federal law, however, that stands for the proposition that a sentencing judge must consider a defendant's letters of support to satisfy the strictures of due process.

It is true that "the sentencing process ... must satisfy the requirements of the Due Process Clause." Gardner v. Florida, 430 U.S. 349, 358 (1977). However, both state and federal sentencing courts are afforded wide latitude with respect to the information that they may consider in imposing criminal punishments. United States v. Tucker, 404 U.S. 443, 446 (1972); Williams v. New York, 337 U.S. 241, 248 (1949). The Supreme Court has held that a sentencing court will have violated constitutional guarantees of due process if a defendant is incarcerated on the basis of "misinformation" or statements that are "materially untrue," Townsend v. Burke, 334 U.S. 736, 741 (1948), and a defendant has "a due process right to question the procedure leading to the imposition of his sentence." United States v. Pugliese, 805 F.2d 1117, 1122 (2d Cir. 1986) (citing Gardner v. Florida, 430 U.S. at 358). In the context of due process, "[t]he key is whether the defendant has been afforded an opportunity to refute those aggravating factors which may have negatively influenced the

15

court." People v. Perry, 36 N.Y.2d 114, 119 (1975). New York's Criminal Procedure Law explicitly provides a criminal defendant the statutory right to apprise the sentencing court of any factors deemed pertinent to the question of sentencing. See C.P.L. § 390.40. That procedure allows a state sentencing court to weigh a petitioner's mitigatory or explanatory information in a meaningful and expeditious manner. Perry, 36 N.Y.2d at 120.

Here, petitioner's sentence was not imposed on the basis of information which petitioner had no opportunity to deny or explain, see Gardner, 430 U.S. at 362, and petitioner availed himself of the opportunity to submit his own presentence memorandum and supporting written statements pursuant to C.P.L. § 390.40. The fact that the sentencing judge considered approximately half of petitioner's 130 submissions, see R. 1490, is of no moment. It is clear from the face of the record that petitioner was afforded all the process he was due at sentencing, and the Appellate Division's determination on this point was not contrary to or an unreasonable application of federal law.

### 3. Illegal and Unauthorized Sentence

Finally, petitioner contends that his indeterminate sentences imposed on December 6, 2006 were illegal because the court had already sentenced him to a term of intermittent incarceration (i.e., weekends) as part of a bail proceeding on September 13,

2006.[4] Pet., Addendum 21-22. Petitioner raised this claim in a § 440.20 motion to vacate the sentence in Erie County Court, relying solely on state law in support of his claim.[5] See Pet'r 440.20 Mot. dated 5/1/2008. The state court denied petitioner's motion on the merits. See Decision & Order, Erie County Court (Franczyk, J.), No. 05-1919, dated 5/9/2008 at 4-6.

Because petitioner's sentencing claim regarding the application of C.P.L. § 430.10 is based entirely on state law, it is not cognizable on habeas review. See Guzman v. Couture, No.99CIV11316, 2003 WL 165746, *12-13 (S.D.N.Y. Jan. 22, 2003) (claim based on violation of C.P.L. § 430.10 does not state a constitutional violation); Fountaine v. Burge, No. 06-CV-6305T, 2010 WL 173557, *5 (W.D.N.Y. Jan. 13, 2010) ("Petitioner contends that the series of events . . . occurred at the sentencing portion of his trial constitutes an illegal "resentencing" violative of CPL § 430.10. Such a claim however, is rooted in state law and is, therefore, not cognizable by this Court.") (citing and collecting cases). Because a federal court is limited to deciding whether a

---

[4] On September 13, 2006, petitioner appeared before the trial court and admitted to violating his probation by consuming alcohol. The court then issued a securing order directing that petitioner be released with electronic monitoring and periodic breathalyzer examinations, and confined to weekends in the county jail pending his sentence for the instant conviction. See Bail Motion and Plea Tr. dated 9/13/2006 at 11-12. Petitioner was thereafter sentenced on December 6, 2006 to an aggregate term of incarceration of one and one-third to four years upon his conviction for felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle.

[5] See C.P.L. § 430.10 ("when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.").

conviction violated the Constitution, laws or treaties of the United States, see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), this claim must be dismissed as improperly raised in a petition for habeas corpus.

**IV.  Conclusion**

For the reasons stated above, David Morrison's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Petitioner has failed to make a "substantial showing of a denial of a constitutional right", 28 U.S.C. § 2253 (c)(2), the court declines the issue of certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 21, 2011
         Rochester, New York